IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

PEGGY BURT,                                                                PLAINTIFF,

VS.                                                        CIVIL ACTION NO. 2:07CV12-P-A

GRAND CASINOS TUNICA, INC.;
HARRAH'S ENTERTAINMENT, INC.;
BL DEVELOPMENT CORPORATION,
INTERNATIONAL CREATIVE MANAGEMENT, INC.;
AND TEMPTIN TEMPTATIONS INC D/B/A
THE TEMPTATIONS,                                                          DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant International Creative Management, Inc.'s Motion for Summary Judgment [35]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of

1

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

The court concludes that Defendant International Creative Management, Inc. has met its burden in demonstrating that the plaintiff has failed to create a genuine issue of material fact necessitating a trial on the matter of whether ICM can be held liable for either of the plaintiff's two causes of action: (1) negligent failure to supervise; and (2) negligent failure to warn of a dangerous condition after actual or constructive knowledge. The plaintiff has not submitted substantial evidence that ICM, as the agent for the subject musical band, had any responsibility regarding the

lighting during the concert. Nor has the plaintiff submitted any evidence that ICM was otherwise responsible for the subject electrical cord over which the plaintiff claims to have tripped. The plaintiff makes much ado regarding paragraph 2 of the May 3, 2002 General Services Agreement between ICM and it's client, the "Temptations." However, that paragraph concerns the services of the Temptations, not ICM.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant International Creative Management, Inc.'s Motion for Summary Judgment [35] is **GRANTED**; therefore

(2) All of the plaintiff's claims against International Creative Management, Inc. are hereby **DISMISSED WITH PREJUDICE**; and

(3) The plaintiff's claims against the other defendants remain.

**SO ORDERED** this the 3rd day of March, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE