# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

PEGGY BURT, PLAINTIFF,

VS. CIVIL ACTION NO. 2:07CV012-P-B

GRAND CASINO TUNICA, INC., ET AL., DEFENDANTS.

## ORDER

These matters come before the court upon Plaintiff's Motion to Strike and Exclude Defendants' Evidence [59] and Motion to Compel Defendants to Allow Plaintiff to Inspect and Take Photographs of Defendants' Premises [61]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

In her first motion, the plaintiff argues that the court should strike all of the defendants' exhibits to be used at trial in addition to any demonstrative exhibits. In support thereof, the plaintiff argues that the defendants never responded to her Request for Interrogatories and Request for Production of Documents served on the defendants on May 22, 2007, nor to her Final Notice and Good Faith Certificate filed on June 11, 2008. The defendants counter that the instant motion is untimely since it was filed on June 12, 2008 and the Case Management Order set the motion *in limine* deadline to March 14, 2008. The defendants maintain that the plaintiff waited for over a year after filing her discovery requests and she did not file a motion to compel discovery with the U.S. Magistrate Judge. The defendants also argue that the motion to strike is moot since all of the information they intend to use at trial is already in the possession of plaintiff's counsel.

The court concludes that the plaintiff's motion to strike all of the defendants' exhibits should be denied as untimely and because the plaintiff was not diligent in filing a motion to compel with the U.S. Magistrate Judge as provided by the Federal Rules of Civil Procedure. The court notes,

however, that the defendants do not deny that they failed to respond to discovery. This troubles the court. However, since the defendants have limited themselves to evidence already in the possession of the plaintiff, the court sees no further punitive remedy. The defendants will not be allowed, however, to submit any evidence not previously provided to the plaintiff during discovery.

In her second motion, the plaintiff moves to compel the defendants to allow her to inspect and photograph the subject premises. The plaintiff filed this motion on June 12, 2008, well after the motions deadline. The plaintiff should have filed this motion before the U.S. Magistrate Judge well before the discovery deadline, which passed on February 29, 2008. Accordingly, the motion should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike and Exclude Defendants' Evidence [59] and Motion to Compel Defendants to Allow Plaintiff to Inspect and Take Photographs of Defendants' Premises [61] are **DENIED**.

**SO ORDERED** this the 12th day of August, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE